UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlos F., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement and Removal Operations, St. Paul Field Office*; Rose Thompson, *Warden, Karnes County Immigration Processing Center*, Field Office Director for San Antonio Field Office, <br><br> Respondents. | File No. 26-CV-1275 (JMB/LIB) <br><br><br> **ORDER** |

Ellen Soskin and Shannon L. Bjorklund, Dorsey & Whitney LLP, Minneapolis, MN, for Carlos F.

David W. Fuller and Jesus Cruz Rodriguez, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, David Easterwood, Rose Thompson, and Field Office Director for San Antonio Field Office.

This matter is before the Court on Petitioner Carlos F.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, David Easterwood, and Rose Thompson, and the Field Office Director for San Antonio Field Office (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT[2]

1. Carlos F. is a citizen of Ecuador who entered the United States in or around November of 2022. (Pet. ¶¶ 26.)

2. After crossing into the United States, Carlos F. presented himself at the border as an asylum seeker fleeing political persecution and torture by government entities in Ecuador. (*Id.*)

3. Carlos F. was then paroled into the United States on humanitarian grounds, with the condition that he apply for asylum within one year. (*Id.*)

4. Carlos F. retained counsel and timely applied for asylum. (*Id.* ¶ 27–28.) His application remains pending, and no final order of removal has been entered against him. (*Id.* ¶¶ 27, 35.)

5. On January 20, 2026, Carlos F. was detained while attending a check-in appointment in Fort Snelling, Minnesota. (*Id.* ¶ 37.)

6. Carlos F.'s counsel was not informed that he was detained. (*Id.* ¶ 38.)

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g., Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

7. After being detained without his counsel's knowledge, Carlos F. was transferred to El Paso, Texas.[3] (*Id.* ¶ 39.)

8. Carlos F.'s counsel filed for bond on January 27, 2026, in Minnesota under the impression that this was still where Carlos F. was located. (*Id.* ¶ 40.) Carlos F.'s counsel appeared for the bond hearing on February 4, 2026, in Fort Snelling, Minnesota where both counsel and the immigration judge were made aware of Carlos F.'s transfer. (*Id.*)

9. There was no warrant for Carlos F.'s arrest, nor has there ever been a warrant issued for his arrest. (*Id.* ¶ 48–49.)

10. Carlos F. has no criminal history.

11. On February 10, 2026, Carlos F. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Carlos F. seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release. (*Id.* at 32–33.) Carlos F. also seeks a variety of additional relief from the Court, including a declaration that Respondents' decision violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment as well as an award of attorney fees and costs pursuant to the Equal Access to Justice Act. (*Id.*)

12. That same day, the Court ordered Respondents to file a response to the Petition by February 12, 2026, at 11:00 a.m. (Doc. No. 3.) The Court also ordered Respondents to specifically address, whether the absence of a warrant preceding Carlos F.'s arrest necessitates his immediate release, and ordered Respondents to return Carlos F.

---

[3] Respondents state that they do not contest this Court's jurisdiction over this case, and note that Carlos F. is back in Minnesota. (Doc. No. 6 at 2.)

to Minnesota no later than February 12, 2026. (*Id.*; Doc. No. 4.)

13.     Respondents timely filed a response. (Doc. No. 6.)

## DISCUSSION

Respondents generally oppose the Petition, explaining that it "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)). (Doc. No. 6.) Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*) In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Carlos F. is mandatory pursuant to 8 U.S.C. § 1225(b). As this Court has previously concluded, however, Respondents' interpretation lacks merit. Furthermore, Respondents do not address their failure to comply with a statutory requirement that they obtain a warrant prior to the arrest of Carlos F. For these two reasons, the Court grants the Petition in part and orders his immediate release in Minnesota.

### A.     Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it

does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

B.   **Interpretation of Section 1225**

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147,

5

152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Carlos F. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these

6

additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

The fact that Carlos F. has applied for asylum does not change the conclusion. The definition of "admission" in this context means "the lawful *entry* of the noncitizen into the United States after inspection and authorization by an immigration officer." *Barco Mercado*, 2025 WL 3295903 at *5 (quoting 8 U.S.C. § 1101(a)(13)(A) (emphasis altered)). Even by applying for asylum, a "noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States," because the "entry, whether lawful or unlawful, occurred years ago." *Id.* (emphasis in original). Other courts have reached this same conclusion under similar facts. *E.g.*, *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *4 (S.D. Ind. Nov. 17, 2025) (finding it was "strong evidence" that the federal government earlier released a noncitizen on her own recognizance under section 1226 and rejecting Respondents' argument that her asylum application shows that she "is plainly seeking admission to the United States"); *Mayamu K. v. Bondi*, File No. 25-3035 (JWB/LIB), 2025

7

WL 3641819, at *4, 8 (D. Minn. Oct. 20, 2025) (concluding that despite a pending asylum application, the petitioner's previous Order of Release on Recognizance under section 1226 precludes detention under section 1225).

For these reasons, the Court finds that Carlos F.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention

### C.     Independent Grounds for Relief

Carlos F. also alleges that Respondents are improperly detaining him without the required administrative warrant to do so.  (Pet. ¶ 128.)  He seeks immediate release unless Respondents can produce an administrative warrant of arrest.  (*Id.* ¶¶ 128–130.)  The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a).  *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)).  The Petition alleges that Carlos F.'s arrest was warrantless (Pet. ¶ 128), and Respondents have not presented evidence to the contrary.  Consequently, the Court grants the Petition and orders Carlos F.'s immediate release.[4]

---

[4] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition.  The Court also does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Carlos F. may move separately for such relief within 30 days of final judgment in this action.  28 U.S.C. § 2412(d)(1)(B).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota without conditions, and in any event no later than <u>4:00 p.m. CST on February 13, 2026</u>.

2. On or before <u>11:00 a.m. CT on February 17, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 17, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 12, 2026                        /s/ *Jeffrey M. Bryan*
                                                Judge Jeffrey M. Bryan
                                                United States District Court